468 P.2d 954

Jack V. REEDER and Charles L. Jenkins, dba Reeder Construction Co. and Charles L. Jenkins, a joint venture, Appellants,

v.

The STATE of Arizona, a body politic, Forrest C. Braden, Bus Mead, Ed C. Locklear, Peter B. Wilharm and Dan McKinney, as members of, and constituting the Arizona State Highway Commission and Justin Herman, State Highway Director, Appellees.

No. I CA–CIV I102.

Court of Appeals of Arizona,
Division 1,
Department A.

May 7, 1970.

Rehearing Denied May 28, 1970.
Review Denied June 23, 1970.

K. G. Flickinger, Jr., Phoenix, for appellants.

Gary K. Nelson, Atty. Gen., by Rodney G. Johnson, Asst. Atty. Gen., for appellees.

STEVENS, Judge.

We are called upon to construe A.R.S. § 35–191, a Code section relating to the administrative adjustment of claims which bear some defect "not affecting the validity there of or the contractual liability of the state."

The appellants presented a claim to the Arizona State Highway Commission. The Commission ruled that it had no jurisdiction to consider the claim. The appellants, as plaintiffs, filed an action in the Superior Court for a declaratory judgment on the jurisdictional issue. The appellees, as defendants in the Superior Court, prevailed on their motion for summary judgment. The appeal followed.

We can best state the facts by quoting the stipulated facts upon which the trial court ruled:

"COME NOW the parties hereto, by and through their counsel undersigned, and stipulate the facts herein to be as follows:

"1. That on April 24, 1959, plaintiffs entered into a written contract with the Arizona State Highway Commission for the construction of a bridge project near Clifton, Arizona, said project being identified in the records of the Arizona State Highway Commission as Project S 218 (7).

"2. That plaintiffs completed said project in accordance with the Plans and Specifications therefor; and that on June 28, 1960, said Project was accepted by the Arizona State Highway Department and final payment was made thereon on June 19, 1962.

"3. That on February 21, 1968, plaintiffs presented a claim to the Arizona Highway Commission for Administrative Relief pursuant to the provisions of A.R.S. § 35–191.

"4. The claim was for damages based upon an alleged loss to plaintiffs attributable to construction delays in performing the said contract with the Arizona State Highway Department.

"5. The alleged loss claimed by plaintiffs as damages was the sum of $190,118.61, not the sum of $194,164.53 as alleged as damages in paragraph 4 of defendants' answer, the said sum of $194,164.53 being the final amount of the contract rather than the amount of damages claimed by plaintiffs.

"6. That on March 5, 1968, the Arizona Highway Commission referred said claim to the Arizona Attorney General for an opinion as to whether said claim was appropriate for relief under the provisions of A.R.S. § 35–191.

"7. That by letter opinion dated March 8, 1968, a copy of which is attached hereto and incorporated herein by reference, the Arizona Attorney General rendered his opinion to the above inquiry in the negative.

"8. That acting upon the advice of the Arizona Attorney General, the Arizona Highway Commission, in its meeting of August 2, 1968, denied plaintiffs' claim upon the ground that the same was not appropriate under the provisions of said statute. A copy of the tentative (sic) minutes of said August 2, 1968, meeting of the Arizona Highway Commission is attached hereto and incorporated herein by reference."

[NOTE: The letter opinion referred to in paragraph 7 of the stipulated facts is omitted as are the signatures to the stipulation.] We are not advised as to any contractual provision upon which the claim of the appellants can be based. As far as the record is concerned, plaintiffs are not seeking payment on the contract itself as they were paid in full the contract price for the work performed. Rather, they are seeking damages due to construction delays without giving any facts that those damages were in any way contracted for to bring them within any of the provisions of the cited law.

As of 21 February 1968, the date of the presentation of the claim to the Commission, the two Code sections which we deem vital to this case, in part, read as follows:

"§ 35–191. Administrative adjustment;

\* \* \* \* \* \*

"A. A claim against the state arising out of contractual relations which has been disallowed because of a technical defect in filing, including failure to meet the requirements as to signature, notarization, itemization or supporting information, or which has not been paid because of failure to file within the time prescribed by law, or because of any other technical defect not affecting the validity thereof or the contractual liability of the state, shall be subject to administrative adjustment as provided in this section.

\* \* \* \* \* \*

"F. The provisions of this section shall not apply to a claim for damages for injury to a person or property."

"§ 35–181.01.

\* \* \* \* \* \*

"A. All claims against the state for obligations authorized, required or permitted to be incurred by any state officer or agency, shall be paid only in the following manner:

"The claimant shall present an itemized claim, executed by him under penalties of perjury and approved by the head official of each office or state agency under which the obligation was incurred, or by some other person thereof, if expressly authorized to approve the claim. Such claim shall be so presented within one year after the claim accrues, and not afterward. The claim shall then be presented to the state auditor and, if ap-

proved, the auditor shall draw his warrant therefor on the state treasurer, who shall pay it when countersigned by the governor but only from the appropriation made therefor." (Sec. 3, Ch. 101, Laws of 1962)

Counsel have informed the Court that § 35–191 has no counterpart in legislation in other states.

■■■ The appellants urge that § 35–191 grants relief from the one-year provision contained in § 35–181.01. The appellees urge that the two sections must be construed together. We agree with the appellees. The "claim" referred to in § 35–191 is not just any type of claim or demand for money, it must be a claim of the type set forth in the first paragraph of § 35–181.01, subsec. A. In our opinion the type of fiscal relief sought by the appellants does not come within the scope of the words "obligations authorized, required or permitted to be incurred." Subsection F of § 35–191 adds emphasis to our belief.

■■■ Our opinion that these sections must be construed together is further supported by the fact that § 35–191 does not specify the governmental agency which has the authority to exercise the grant of discretion therein set forth. The agency which exercises that authority can only be the agency which would have had the authority to audit and approve the "claim" had the same been timely and without technical defects in the first instance. The trial court entered its findings and in a separate document entered the judgment which is the subject of this appeal. The appellants urge error in some findings and the appellees disagree with other findings. In view of our opinion as to the proper interpretation of § 35–191, we are not called upon to rule on these contentions. We find the judgment to be wholly proper.

The judgment is affirmed.

DONOFRIO, P. J., and CAMERON, J., concur.